BRIDGETTE M. PERRY, Plaintiff-Appellant and Cross-Appellee, v. CLIF-
FORD E. STORZBACH *et al.*, Defendants-Appellees and Cross-Appellants.

First District (5th Division)   No. 1—89—3230

Opinion filed December 7, 1990.

Robert W. Karr & Associates, Ltd., and David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky, of counsel), for appellant.

Brydges, Riseborough, Morris, Franke & Miller, of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Bridgette M. Perry (Perry), plaintiff, appeals from final orders of a trial court in a jury case involving personal injuries. Clifford E. Storzbach (Storzbach) and Hartwig-Hartoglass, Inc. (Hartwig), defendants, have filed a cross-appeal.

The facts are as follows. On September 25, 1984, Perry was driving southbound on Russell Road in Barrington, Illinois. She had stopped for a red light and was signaling to turn left. Storzbach was also in a southbound vehicle as was Timothy Olsen (Olsen). Olsen was immediately behind Perry, and Storzbach was behind Olsen. The Storzbach vehicle struck the rear of the Olsen vehicle. The Olsen vehicle struck the rear of the Perry vehicle.

Perry filed a suit in negligence in the circuit court of Cook County to recover monetary damages for the injuries she allegedly suffered as a result of the accident. On August 23, 1989, the jury returned a verdict in Perry's favor. The jury assessed damages in the amount of $35,000 for disabilities resulting from the accident and $0 for pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

Thereafter, Perry filed a motion for a new trial. Defendants requested a $2,000 remitittur due to the fact that Olsen had previously paid $2,000 to Perry as a result of the accident. On November 8, 1989, the trial court denied Perry's motion for a new trial and ordered that the judgment entered on August 25, 1989, be reduced from $35,000 to $33,000. Neither party questions the trial judge's deduction of the remitittur from the $35,000 verdict.

Perry filed a notice of appeal, and Storzbach and Hartwig filed a notice of cross-appeal.

On appeal Perry argues that the jury erred in assessing damages which were irreconcilably inconsistent and against the manifest weight of the evidence and that the trial judge erred by refusing to grant a

new trial. Storzbach and Hartwig cross-appeal, arguing that they were entitled to a directed verdict due to Perry's alleged failure to carry her burden of proof that Storzbach's and Hartwig's alleged negligence proximately caused Perry's injuries.

For the following reasons, we affirm the decision of the trial court.

The September 25, 1984, accident was caused by the defendant's vehicle running into the rear of a car driven by Olsen, which in turn allegedly ran into the car Perry was driving. Perry's car was stopped for a red light and was signaling a left turn at the time of the impact.

The jury found for Perry and against Storzbach and Hartwig on the the issue of liability but assessed damages as follows:

The disability resulting from the injury—$35,000

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries—$0

Perry asserts that there was simply no basis in the evidence before the jury for the jury to determine the plaintiff suffered disability resulting from the injury but experienced no pain and suffering in the process. Perry's argument is based on a charged inconsistency in the jury's verdict. On the one hand the jury found defendants liable, and on the other hand, the jury found that Perry suffered damages in the amount of $35,000.

Perry relies on the many Illinois cases that set forth the principle that normally a jury's verdict on the issue of damages will not be set aside and a new trial ordered absent a showing that the awarded damages are palpably inadequate (*Hinnen v. Burnett* (1986), 144 Ill. App. 3d 1038, 495 N.E.2d 141), against the manifest weight of the evidence, or where the jury has clearly disregarded a proven element of damage. *Montgomery v. City of Chicago* (1985), 134 Ill. App. 3d 499, 502, 481 N.E.2d 50, 53.

Plaintiff's physician, Dr. Wilt, testified that he treated Perry for headaches, cervical neuralgia and lumbar strain three weeks prior to the accident. These are the same conditions Perry claimed were caused by the accident. Perry denied that she had been treated by Dr. Wilt for backaches and neck problems.

Perry was under the care of Dr. Pedersen, a neurosurgeon from October 1984 through April 1988. Dr. Pedersen testified that in his opinion the patient had a significant cervical strain or tear of the neck muscles with probable L5 radiculopathy, which was possibly secondary to a herniated disc in the back or a severe strain of the sciatic nerve or the left L5 nerve. In Dr. Pedersen's opinion, Perry's complaints and findings since September 25, 1984, were directly caused by the trauma that occurred to her in the automobile accident on that date. Although

at his deposition Dr. Pedersen testified that he thought "the patient should be able to resume some type of gainful employment at some point in the future," by the time of the trial two years later Dr. Pedersen had altered his opinion, testifying that "due to the duration of time that these complaints have persisted, I believe they are permanent." However, Dr. Pedersen also testified that Perry had never told him that she had been to see Dr. Wilt three weeks prior to the accident complaining of severe back pain and difficulty in walking. He further testified that, had he been aware of this information, his opinion might have been different in that he might have said the injury was the result of multiple causes.

Joanne Mensch, Perry's former neighbor, testified that she had seen Perry raking leaves, pulling weeds, carrying groceries and, on one occasion, dancing. Ray Schnarr, Perry's ex-husband, testified that since the time of the accident Perry painted a bathroom, performed household chores, went dancing and had driven long distances without difficulty.

Perry testified that she was not driving on a regular basis because she was uncomfortable as a result of the accident. However, at her divorce proceeding one month prior to this testimony, plaintiff testified that the reason she was not driving on a regular basis was due to a loss of vision in her left eye.

Plaintiff relies on the case of *Hinnen v. Burnett* (1986), 144 Ill. App. 3d 1038, 495 N.E.2d 141, to support her contention that the verdict was irreconcilably inconsistent. In *Hinnen* the jury found for the plaintiff, awarding an amount for medical expenses, but awarding nothing for pain and suffering. The amount the jury awarded the plaintiff for medical expenses exceeded the amount of medical expenses paid. As a result, the appellate court ordered a new trial, finding that "[i]f the jury believed that plaintiff has no compensable pain and suffering, its award of pain-related expenses was wholly unwarranted and contrary to the manifest weight of the evidence." *Hinnen*, 144 Ill. App. 3d at 1046, 495 N.E.2d at 147.

The facts in the present case are similar to those in *Griffin v. Rogers* (1988), 177 Ill. App. 3d 690, 532 N.E.2d 591. In *Griffin*, the plaintiff sought recovery for injuries suffered in a minor auto collision. There were a number of inconsistencies between the testimony of the plaintiff, her husband and her physician. In addition, the plaintiff's physician indicated that all of her complaints could be the result of a preexisting condition. The jury awarded plaintiff $365 as the present cash value of reasonable medical expenses and $110 for lost wages but gave her no award for pain and suffering, disability, or aggravation of

a preexisting condition resulting from her injuries. The plaintiff appealed, contending that the award of medical expenses without compensation for pain and suffering was inconsistent. The court distinguished *Hinnen,* pointing out that the record did not clearly show that the amount awarded for plaintiff's medical expenses included those for pain medication. The court found that in the face of an uncertain record, it could make no conclusive determination that the jury intended to compensate the plaintiff for the expenses of pain-relieving medicine and accordingly could not find the verdicts inconsistent. The court stated, "It is the function of the jury to determine the credibility of the witnesses and to assess the weight to be accorded their testimony. A court of review will not interfere with the discretion of the jury in its assessment of damages except where they are 'palpably inadequate or it is clear that a proven element of damages has been ignored.' " *Griffin v. Rogers* (1988), 177 Ill. App. 3d 690, 694-95, 532 N.E.2d 591, 594, quoting *Lazzaro v. Garrett* (1968), 100 Ill. App. 2d 452, 456, 242 N.E.2d 59, 61.

Similar circumstances were also present in *Meyers v. Louthan* (1983), 114 Ill. App. 3d 770, 449 N.E.2d 904, where the appellate court held that the trial court abused its discretion in granting the plaintiff a new trial when the jury gave the plaintiff an award for her emergency room bills but nothing for pain and suffering. The medical evidence presented in *Meyers* was strong to the effect that plaintiff's preexisting problems in body areas that she claimed were injured by the accident were no more serious after the accident than they were prior to the accident.

Absent some indication that the jury failed to follow some rule of law, considered some erroneous evidence, or an indication in the record that the verdict was the obvious result of passion or prejudice, we cannot upset that verdict. (*Rozner v. Chicago Transit Authority* (1989), 183 Ill. App. 3d 613, 539 N.E.2d 270.) Perry's evidence indicated Perry suffered both a disability as a result of the accident and pain and suffering. Yet, Perry offered no evidence of her medical expenses. Conversely, defendants' evidence indicated that Perry was treated for similar pain and suffering prior to the accident in question. It is obvious that the jury concluded that Perry suffered a disability as a result of the accident for which they assessed damages at $35,000. It is also obvious that the jury concluded that Perry failed to prove that the pain and suffering she experienced or was certain to be experienced was caused by the September 25, 1984, accident. The evidence supports this conclusion of the jury, and we cannot conclude that the verdict is inconsistent, unsupported by the evidence or a result of pas-

sion or prejudice. Accordingly, we affirm the decision of the trial court.

On cross-appeal defendants Storzbach and Hartwig claim they were entitled to a directed verdict. They base this claim on the charge that Perry failed to present direct evidence that defendant's car knocked Olsen's car into the rear of Perry's vehicle.

■■ Storzbach and Hartwig confuse the law relating to directed verdicts. They concede that circumstantial evidence indicated that the Storzbach vehicle may have knocked the Olsen vehicle into Perry's vehicle but indicate that such an inference is not sufficient to support a *prima facie* case. The cases defendants cite in support of this proposition, *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 489 N.E.2d 409, and *McCormick v. Maplehurst Winter Sports, Ltd.* (1988), 166 Ill. App. 3d 93, 519 N.E.2d 469, are cases involving motions for summary judgment, not motions for a directed verdict at the close of a plaintiff's case. In determining whether a motion for summary judgment should be granted, the evidence must be construed strongly against the movant and liberally in favor of the opponent, and the motion should be denied if the facts admit of more than one conclusion or inference, including one unfavorable to the moving party. (*Frye v. O'Neill* (1988), 166 Ill. App. 3d 963, 520 N.E.2d 1233.) This is the rule whether the movant for summary judgment is the plaintiff or defendant.

■■ ■ Alternatively, "[o]n the defendant's motion for a directed verdict all reasonable inferences are to be drawn in favor of the plaintiff, and all issues of credibility resolved in her favor." (*Hays v. Country Mutual Insurance Co.* (1963), 28 Ill. 2d 601, 605, 192 N.E.2d 855, 858.) Since the Perry case disclosed at least an inference that Storzbach's vehicle drove Olsen's car into Perry's car, the trial court properly denied defendants' motion for a directed verdict at the close of Perry's case.

Finally, it is for the jury, in a jury case, not a trial judge or appellate court, to determine the facts of the case, disputed as well as undisputed, and draw from them the reasonable inferences they support. (*Kroch's & Brentano's, Inc. v. Barber-Colman Co.* (1973), 16 Ill. App. 3d 412, 306 N.E.2d 522.) The trial court properly denied the defendants' motion for a directed verdict.

For all the above reasons, the trial court's conclusions, the jury verdict and judgment entered thereon are affirmed.

Judgment affirmed.

COCCIA and GORDON, JJ., concur.