RITA MURRAY, Plaintiff-Appellant, v. TOM PHILPOT, Defendant-Appellee.

Fifth District    No. 5—98—0494

Opinion filed June 10, 1999.

Don Sheafor and Jack Johnston, both of Burnside, Johnston, Choisser & Sheafor, of Vandalia, for appellant.

Janie F. Smith and Richard A. Cary, both of Wham & Wham, of Centralia, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiff, Rita Murray, appeals from a jury verdict returned in her favor and against the defendant, Tom Philpot. She alleges that (1) the jury's award of zero for her pain and suffering was inadequate and against the manifest weight of the evidence and (2) the trial court abused its discretion by not ordering a new trial on the issue of damages. For the following reasons, we reverse and remand for a new trial on the issue of damages only.

## BACKGROUND

On August 19, 1995, plaintiff and three friends, Darrel and Darrin McCammack and Darrin's wife, met at Vandalia Lake to go water-skiing. While plaintiff was in the water putting on her skis, Darrel Mc-

Cammack circled his boat around her and left the ski rope's handle approximately 20 feet from her. At the same time, defendant was maneuvering his boat out of the no-wake zone and into the channel. After leaving the no-wake zone, defendant accelerated to approximately 20 miles per hour. Just moments after he accelerated, defendant's boat ran over the ski rope, causing it to strike plaintiff in the back of the head and to slam her face forward into the water.

Following the incident, plaintiff filed suit against defendant, which was tried to a jury verdict on May 18, 1998. The jury found that defendant's negligence proximately caused the plaintiff's injuries, and the jury awarded her $1,600 for wage loss and home health care and $9,000 for past medical expenses. The jury awarded her nothing for pain and suffering. Plaintiff moved for a new trial on the issue of damages, which the trial court denied.

## DISCUSSION

■ Because plaintiff's new-trial argument is based on her claim of inadequate damages, we discuss both arguments together. Our standard of review is clear: The trial court's ruling on a motion for a new trial should not be reversed unless it is affirmatively shown that the court clearly abused its discretion. See *Maple v. Gustafson*, 151 Ill. 2d 445, 455, 603 N.E.2d 508, 513 (1992). In determining whether the trial court abused its discretion, we consider whether the jury's verdict was supported by the evidence and whether the complaining party was denied a fair trial. See *Maple v. Gustafson*, 151 Ill. 2d at 455, 603 N.E.2d at 513.

Plaintiff argues she should be awarded a new trial on damages because the jury's award of substantially all of her lost wages, home care, and medical bills is irreconcilably inconsistent with its failure to award damages for pain and suffering.

■ In *Snover v. McGraw*, our supreme court held that a jury may award pain-related medical expenses and may also determine that the evidence of pain and suffering was insufficient to support a jury award. *Snover v. McGraw*, 172 Ill. 2d 438, 448, 667 N.E.2d 1310, 1315 (1996). The court noted that the determination of damages was within the discretion of the jury and that an award for pain and suffering was especially difficult to quantify. *Snover*, 172 Ill. 2d at 447-48, 667 N.E.2d at 1315.

In *Snover*, the plaintiff had almost no objective symptoms of pain, returned to school after a few days, and was able to play tennis every day thereafter. In that case, the plaintiff complained of abdominal pain immediately after a traffic accident, but emergency room physicians found no apparent bruising or swelling. Plaintiff's X rays proved

negative, a CAT scan showed no sign of head injury, she had a full range of motion, and she made no complaints of neck pain. See *Snover*, 172 Ill. 2d at 441, 667 N.E.2d at 1312. The expert testimony on plaintiff's injuries was in conflict, and there was no suggestion of mistake, confusion, partiality, or prejudice on the part of the jury. See *Snover*, 172 Ill. 2d at 442-43, 449, 667 N.E.2d at 1312-13, 1315. The jury awarded damages for medical bills incurred from the date of the collision through the plaintiff's initial therapy sessions, and it awarded limited damages for out-of-pocket medical expenses. Between the accident and trial, plaintiff had been involved in two subsequent car collisions and had suffered a weightlifting injury. See *Snover*, 172 Ill. 2d at 442, 667 N.E.2d at 1312-13. Therefore, the court opined, the jury was well within the confines of the evidence in concluding that the plaintiff suffered only minimal discomfort which was not compensable. See *Snover*, 172 Ill. 2d at 449, 667 N.E.2d at 1315-16. In reaching its decision, the court emphasized that, in other cases, an award of medical expenses without a corresponding award for pain and suffering might be inappropriate. See *Snover*, 172 Ill. 2d at 449, 667 N.E.2d at 1316. We conclude that this is such a case.

■ In this case, unlike *Snover*, three different doctors found objective symptoms of injury when they examined plaintiff. An X ray showed that plaintiff had a straightening of the lordotic curve of her cervical spine, which was an objective sign that was consistent with her subjective complaints of stiffness and spasm. In this case, the medical experts agreed that plaintiff sustained a soft-tissue injury. Their opinions differed only on the extent of her injury. Dr. Moore, plaintiff's chiropractor, testified that plaintiff's injury is permanent and that she will have problems in the future. Dr. Gapsis, an orthopedic surgeon, testified that plaintiff had injuries consistent with the accident she described, but that by her third visit to him, she had no muscle spasms and was not stiff. It does not appear that Dr. Gapsis was asked about the permanency of plaintiff's injuries. Dr. Siddiqui, a neurologist, diagnosed plaintiff with median-nerve mononeuropathy, which originated in the cervical spine.

Also unlike the plaintiff in *Snover*, the plaintiff in this case missed nine weeks of work due to her injury. There was no testimony that plaintiff was involved in any automobile accidents between the skiing accident and the time of trial. However, the jury was informed that plaintiff did not see any doctor from December 1995 to November 1996, that some of her complaints of pain could be attributed to the repetitiveness of her job, and that she had not had any treatment for nearly a year at the time of trial. After hearing this evidence, the jury awarded plaintiff damages for all of her medical bills and home help,

and its award for lost wages was just under what plaintiff submitted. We note that a jury is free to find plaintiff's evidence of pain and suffering to be unconvincing when plaintiff's evidence is primarily subjective, as was the case in *Snover*. *Snover*, 172 Ill. 2d at 449, 667 N.E.2d at 1316. However, when the plaintiff submits objective evidence of pain and suffering, such evidence may not be disregarded. The evidence in this case shows that plaintiff's X rays revealed an injury, that she had limited range of motion in her neck, and that she complained of neck and head pain to emergency room personnel. Based on the medical testimony, there is no doubt that plaintiff sustained an injury that produced pain. The jury awarded plaintiff substantially all of the damages she sought for her medical expenses, home care, and lost wages, therefore acknowledging her injury and need for treatment, but awarded her nothing for pain and suffering.

## CONCLUSION

An award of zero damages for pain and suffering, along with an award for full damages for medical care and lost wages, ignores a proven element of damages that the jury is not free to disregard. Therefore, we find that the jury's verdict is irreconcilably inconsistent and must be set aside.

Because the jury's failure to award damages for pain and suffering is not supported by the evidence, we find that the trial court abused its discretion when it denied the plaintiff's posttrial motion. Therefore, we reverse and remand this cause to the trial court for a new trial on the issue of damages only.

Reversed and remanded.

HOPKINS and WELCH, JJ., concur.