KELLY A. ORAVA, a/k/a Kelly A. Sharpenter, Plaintiff-Appellee, v. PLUNKETT FURNITURE COMPANY *et al.*, Defendants-Appellants (Robert A. Sharpenter, Plaintiff).

Second District   No. 2—97—0819

Opinion filed July 27, 1998.—Rehearing denied July 30, 1998.

Michelle L. Adams, of Connelly & Schroeder, of Geneva, for appellants.

Stephen Sullivan, of Batavia, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Kelly Sharpenter, was injured when defendant Charles Samars, a truck driver for defendant Plunkett Furniture Company, backed his truck into plaintiff's vehicle. A jury awarded plaintiff damages for the aggravation of a preexisting condition and past medical expenses but nothing for pain and suffering. (The jury also denied plaintiff's husband, Robert Sharpenter, recovery for loss of consortium.) The trial court granted plaintiff's motion for a new trial on damages only. On appeal (see 166 Ill. 2d R. 306(a)(1)), defendants argue that the trial court abused its discretion because the jury's damage award was consistent with the evidence. We agree, reverse the grant of the new trial on damages, and reinstate the original judgment on the jury's verdict.

■ Plaintiff has not filed a brief on appeal. We may not reverse summarily merely because the appellee has filed no brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). However, a reviewing court need not serve as the appellee's advocate or search the record for reasons to sustain the judgment. *Talandis*, 63 Ill. 2d at 133; *Plooy v. Paryani*, 275 Ill. App. 3d 1074, 1088 (1995). Thus, unless the record is simple and the claimed issues are such that we can easily decide them without an appellee's brief, we may reverse if the appellant's brief demonstrates *prima facie* error and the brief's contentions find support in the record. *Talandis*, 63 Ill. 2d at 133; *Plooy*, 275 Ill. App. 3d at 1088; *Cala v. Gerami*, 137 Ill. App. 3d 936, 938 (1985). We believe defendants' *prima facie* case of trial court error finds support in the record on appeal.

The jury awarded plaintiff damages of $1,468.99 for medical expenses and an equal amount for the aggravation of a preexisting condition. However, the jury specifically refused to award plaintiff anything for pain and suffering, disability, or lost salaries or profits. With a reduction by 33% to reflect plaintiff's negligence, the final award was $1,945.68.

Plaintiff moved for a new trial on damages only, asserting that (1) the verdict was irreconcilably inconsistent in awarding past medical expenses but nothing for pain and suffering; and (2) the verdict demonstrated that the jury ignored a proved element of damages, that being the new whiplash injury that even defendants' expert medical witness conceded plaintiff had suffered. Defendants responded that, under *Snover v. McGraw*, 172 Ill. 2d 438 (1996), there was no *per se* inconsis-

tency between the award of medical expenses and the denial of pain and suffering. Defendants asserted further that the jury could find that most of plaintiff's claimed injuries had no objective medical findings to support them and actually resulted from her myofascial pain syndrome, a chronic condition which predated the accident.

■ The trial court granted plaintiff a new trial on damages. The court did not explain its decision. After defendants' motion to reconsider was denied, we granted them leave to appeal. On appeal, defendants reiterate that the trial court erred in overturning a damage award that was internally consistent and was within the range of the evidence. For the reasons that follow, we agree.

We recognize that whether to grant a new trial is a matter for the trial court's discretion and that a court of review should not disturb the trial court's decision absent an abuse of that discretion. *Snover*, 172 Ill. 2d at 449; *Maple v. Gustafson*, 151 Ill. 2d 445, 455 (1992). However a jury's award of damages is also entitled to great respect, and a court should not upset the jury's exercise of its prerogative unless the damage award ignores a proved element of damages or is absolutely irreconcilable. *Snover*, 172 Ill. 2d at 447; *Tedeschi v. Burlington Northern R.R. Co.*, 282 Ill. App. 3d 445, 448-49 (1996). Thus, we examine the trial court's decision to determine whether it abused its discretion by nullifying a damage award that does not ignore a proved element of damages or contain an irreconcilable inconsistency.

■ As defendants observe, our supreme court in *Snover* held that there is no *inherent* inconsistency in awarding damages for medical expenses but not for pain and suffering. Where, as in *Snover*, the evidence of pain and suffering is not strong, the jury may conclude that the plaintiff's injury was so slight that any pain or suffering was *de minimis* and need not result in a separate award. *Snover*, 172 Ill. 2d at 448-49. However, the award of medical expenses without a corresponding award for pain and suffering may be inconsistent "[i]f the evidence clearly indicates that [the] plaintiff suffered serious injury." *Snover*, 172 Ill. 2d at 449.

■ We agree with defendants that, under *Snover*, there is no inherent inconsistency between the award of medical expenses and the refusal to award damages for pain and suffering. As in *Snover*, there was ample reason for the jury to discount much of plaintiff's testimony about the severity or persistence of the injuries that resulted from the accident. From the testimony of Samars and plaintiff herself, the jury could find that the impact was relatively slight and that plaintiff suffered little if any pain at the time. Moreover, the jury was entitled to credit defendants' medical expert, who concluded that (1) plaintiff's treating doctors (other than those in the hospital emergency room)

found no objective signs of injury that correlated with her various complaints of pain; (2) these symptoms were therefore merely a continuation of plaintiff's long-standing myofascial pain syndrome, a condition characterized by subjective evidence of pain in a variety of areas that show no objective signs of injury; and (3) the accident did no more than cause a short-term cervical strain, which necessitated emergency treatment (in part as a precaution) and resolved itself within about two months of the accident.

As importantly, the alleged inconsistency must be viewed in context. The jury found that plaintiff aggravated a preexisting condition that itself consisted of pain without objective findings of injury. In awarding damages under the "preexisting condition" heading, the jury was in effect compensating plaintiff for a specific type of pain and suffering—that which the accident increased or revived but did not create independently of plaintiff's already established pain syndrome. The jury might well have decided that a separate award for pain and suffering was improper because plaintiff suffered only minimal new pain that she would not have experienced had she been perfectly healthy before defendants' truck hit hers. The jury could also conclude that plaintiff's whiplash injury caused minimal new pain and that a portion of the medical expenses the jury awarded fully compensated her for this temporary harm.

There is an additional reason the jury's award of medical expenses is consistent with its refusal to award damages for pain and suffering. The jury had reason to find that not all plaintiff's medical expenses were pain-related. Defendants' expert conceded that plaintiff's trip to the hospital emergency room was a reasonable precautionary measure. Plaintiff went to the emergency room in large part to find out whether and how badly she was hurt. Even had the hospital personnel found no injuries at all, this expense would have been caused by defendants' negligence.

We conclude that defendants have made a *prima facie* case of trial court error and that the record supports their contention that the jury's verdict was proper. Therefore, pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we reverse the trial court's order granting plaintiff a new trial and reinstate the judgment on the jury's verdict.

Reversed; judgment reinstated.

McLAREN and HUTCHINSON, JJ., concur.