# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Marriage of Nilles*, 2011 IL App (2d) 100528

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF JOHN J. NILLES, Petitioner-Appellee, and JUDITH L. NILES, Respondent-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0528 |
| Filed | August 9, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court reversed the trial court's modification of petitioner's maintenance obligation 10 years after the parties' settlement agreement, including the maintenance provision, was incorporated into the judgment dissolving their marriage, since the trial court based the modification on the finding of unconscionability due to financial reversals suffered by petitioner that rendered him unable to meet his maintenance obligations, but the agreement provided that maintenance was subject to modification only upon the death of one of the parties or respondent's marriage or cohabitation with another man, and a finding of unconscionability had to be founded on the parties' economic positions immediately following the agreement, not on their positions 10 years later. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 98-D-3239; the Hon. Linda E. Davenport, Judge, presiding. |
| Judgment | Reversed. |

Counsel on
Appeal

Sarane C. Siewerth, Deborah A. Carder, and Mark A. Wirtz, all of Schiller, DuCanto & Fleck LLP, of Chicago, for appellant.

No brief filed for appellee.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Burke and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1     Respondent, Judith L. Nilles, appeals from the trial court's order modifying the maintenance obligations of petitioner, John J. Nilles, under the parties' marital settlement agreement. Respondent contends that the trial court lacked the authority to modify petitioner's maintenance obligations, because the parties' agreement expressly provided that the maintenance was nonmodifiable and because the parties' agreement could not be declared unconscionable 10 years after it was incorporated into the judgment of dissolution. For the reasons that follow, we reverse.

¶ 2                                 BACKGROUND

¶ 3     In February 1999, the trial court entered a judgment dissolving the marriage of the parties. The judgment of dissolution incorporated a marital settlement agreement between the parties. The agreement provided the following with respect to maintenance:

"2.1. The Husband covenants and agrees that he will pay to the Wife as and for permanent non-modifiable maintenance, the sum of Eight Thousand Dollars ($8,000.00) per month commencing on the first day of the month following the effective date of this Agreement and continuing on the first day of each month thereafter until said obligation is terminated upon the provisions of Article II, paragraphs [*sic*] 2.3 of this Article.

2.2. The parties acknowledge and stipulate that the payments set forth in this Article shall not be subject to modification for any reason whatsoever pursuant to the provisions of Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act.

2.3. Without regard for any provision hereof to the contrary, the Husband's obligation to pay and the Wife's right to receive the payments set forth in this Article shall terminate only upon the first to occur of the following events:

    (a) The death of the Husband;

    (b) The death of the Wife;

    (c) The remarriage of the Wife; or

(d) The Wife's cohabitation with a member of the opposite sex on a resident, continuing and conjugal basis."

The article on maintenance also provided that petitioner was to provide respondent with the use of a leased and insured Lincoln Towncar and to maintain, as security for the maintenance payments, a life insurance policy on himself in the amount of $1,250,000, with respondent named as the primary beneficiary. The agreement also provided that petitioner was to pay the premiums for respondent's health insurance and that none of the provisions of the agreement could be modified by a court unless both parties consented.

¶ 4    Ten years later, in February 2009, petitioner filed a two-count petition to modify or vacate the judgment of dissolution. In count I, petitioner requested that his maintenance obligations be reduced because his financial circumstances had substantially changed such that he could no longer meet his maintenance obligations under the parties' agreement. He contended that the trial court could modify his obligations because internal inconsistencies in the agreement rendered it ambiguous, thereby eliminating any clear statement that his maintenance obligations were nonmodifiable. Count II requested that the trial court vacate the judgment on the ground that the parties' agreement was unconscionable because meeting his maintenance obligations would require petitioner to liquidate his assets, file for bankruptcy, and be unable to support himself.

¶ 5    In response, respondent filed a motion to strike and dismiss petitioner's petition, arguing that the parties' agreement was clearly nonmodifiable and that petitioner's petition was legally insufficient. The trial court granted respondent's motion to dismiss, finding that the parties' agreement was nonmodifiable based upon its plain language.

¶ 6    Petitioner filed a motion to reconsider, arguing that the trial court failed to consider his contention that the parties' agreement was unconscionable. The trial court granted the motion. Respondent then filed a response to petitioner's petition. In her response, respondent denied any inconsistency in the parties' agreement and argued that the plain language of the agreement made petitioner's maintenance obligations nonmodifiable. In addition, respondent argued that petitioner's request to vacate the judgment on unconscionability grounds was time-barred and that the parties' agreement was not unconscionable when they entered into it.

¶ 7    The trial court found that, given petitioner's change in circumstances, it would be unconscionable to enforce his maintenance obligations under the parties' agreement. Accordingly, the trial court terminated petitioner's obligations to maintain the life insurance policy, required petitioner to pay only the first $225 of the monthly cost of respondent's supplemental Medicare health insurance, and terminated petitioner's obligation to provide an insured Lincoln Towncar. In addition, the trial court reduced the maintenance payments to $3,000 per month, with the remaining $5,000 per month to accrue as a claim against petitioner's estate. The order included a finding under Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) that there was no just reason to delay enforcement or appeal of the order.

¶ 8    Respondent timely appealed.

¶ 9                                        ANALYSIS

¶ 10        On appeal, respondent contends that the trial court lacked the authority to modify the judgment.

¶ 11        Petitioner has not filed a brief on appeal. While we may not reverse summarily on that basis alone, we need not serve as petitioner's advocate or search the record for a basis upon which to affirm. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976); *Orava v. Plunkett Furniture Co.*, 297 Ill. App. 3d 635, 636 (1998). "[I]f the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal." *Talandis*, 63 Ill. 2d at 133. In addition, the trial court's judgment may be reversed where the appellant's brief, as supported by the record, demonstrates *prima facie* reversible error in that judgment. *Id*. The claimed error in this case is easily decided, and we conclude that the trial court's decision must be reversed.

¶ 12        It is unclear whether the trial court granted petitioner relief based on count I or count II of the petition. Count I requested modification of petitioner's obligations, which the trial court granted; yet it was count II in which petitioner argued that the parties' agreement was unconscionable, which was the trial court's basis. Although the trial court seems to have melded counts I and II, we need address only its determination that the parties' agreement was unconscionable, as that was the ground on which the trial court granted petitioner relief.

¶ 13        We conclude that the trial court's finding that the parties' agreement was unconscionable was error, because the trial court's finding of unconscionability was based on petitioner's financial circumstances as they existed at the time of the hearing, not as they existed when the parties entered into the agreement. Two factors are considered when determining whether an agreement is unconscionable: (1) the conditions under which the agreement was made, and (2) the parties' economic circumstances resulting from the agreement. *In re Marriage of Richardson*, 237 Ill. App. 3d 1067, 1080 (1992). "The determination of unconscionability focuses on the parties' relative economic positions *immediately following the making of the agreement*." (Emphasis added.) *Id*.; see also *Kinkel v. Cingular Wireless, LLC*, 223 Ill. 2d 1, 24 (2006) ("[T]he issue of unconscionability should be examined with reference to all of the circumstances *surrounding the transaction*." (emphasis added)); *In re Marriage of Tabassum*, 377 Ill. App. 3d 761, 778 (2007) ("Courts examining whether postmarital agreements are substantively unconscionable have focused on the parties' economic circumstances immediately following and resulting from the agreement.").

¶ 14        Petitioner did not complain of the conditions under which the parties' agreement was made, focusing instead on how the agreement affected his current economic conditions. When the judgment of dissolution was entered, the trial court specifically found that the terms of the parties' agreement were conscionable. Yet, based on evidence that petitioner had suffered a decline in his financial circumstances in the 10 years since the entry of the judgment, the trial court found the terms to then be unconscionable. Petitioner's economic position 10 years following the entry of the judgment cannot be said to be his economic position "immediately following the making of the agreement." See *Richardson*, 237 Ill. App. 3d at 1080. Moreover, logic dictates that, if an agreement can be declared

-4-

unconscionable simply based upon a change in circumstances, agreements that may have been perfectly conscionable upon their making are perpetually subject to being declared unconscionable upon the changing of the winds. This would provide little security for the parties to contracts.

¶ 15 Because a finding of unconscionability must be based upon the parties' economic positions immediately following the making of an agreement, the trial court's modification of petitioner's obligations under the agreement in this case, based upon a finding that petitioner's circumstances 10 years later rendered the agreement unconscionable, was improper.

¶ 16 CONCLUSION

¶ 17 The judgment of the circuit court of Du Page County is reversed.

¶ 18 Reversed.