2020 IL App (2d) 190589-U
No. 2-19-0589
Order filed August 11, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ROBINSON HEATING AND COOLING, INC., | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 13-CF-1970 |
| MELISSA REILLY, JENNIFER AND DOUGLAS DIXON, GLENN LYSE, DAVID GREER, HIGHLAND PARK ELECTRIC CO., LORD & MARCOS, INC., UNKNOWN OWNERS and UNKNOWN LIEN CLAIMANTS, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| (Lord & Marcos, Inc., Counter-Plaintiff, Appellant, v. Jennifer and Douglas Dixon, Counter-Plaintiffs, and Melissa Reilly, Appellees). | ) ) ) ) ) | Honorable Mitchell L. Hoffman, Margaret A. Marcouiler, and Luis A. Berrones, Judges, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Birkett and Justice Hutchinson concurred in the judgment.

**ORDER**

¶ 1   *Held*:   In this foreclosure appeal, which we decide according to *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976), because the appellees filed no briefs, we affirm because the lienholder demonstrated no *prima facie* error in the trial court's vacation of its order entered during the redemption period and

confirming the sale of the property; applicable statutes suggested that the court should not confirm a sale until after the redemption period expires.

¶ 2    At issue in this appeal is whether defendant Lord & Marcos, Inc. (LMI) established that it was *prima facie* error for the trial court to vacate an order confirming the sale of property when the right to redeem that property had not yet expired.  We determine that LMI has not established that vacating the order under these circumstances was *prima facie* error.  Thus, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    According to the common-law record, which is the only record that has been submitted to this court, McHenry Savings Bank (the Bank) owned a home in Wadsworth in 2011 (the property). The Bank hired LMI to negotiate a sizeable insurance settlement and provide other services related to fixing the property.  Before the property was repaired, defendant Melissa Reilly bought it from the Bank and accepted the agreement between the Bank and LMI.

¶ 5    In 2013, plaintiff, Robinson Heating and Cooling, Inc. (Robinson), sued to foreclose a mechanics lien on the property.  Robinson named multiple defendants including LMI, who held a mechanics lien on the property, and Jennifer and Douglas Dixon (the Dixons), who held a judgment lien on the property.  While the suit was pending, Robinson assigned its own mechanics lien to LMI.

¶ 6    On January 21, 2016, a judgment for foreclosure and sale was entered.  The judgment provided that Reilly owed the Dixons $29,232, which represented the amount of their judgment lien plus attorney fees, and that she owed LMI $222,197, which included the Robinson mechanics lien as well as LMI's own mechanics lien.  However, the judgment reserved the issue of priority of the liens.  The judgment also provided that the property would be sold at public auction to the highest bidder if Reilly could not pay the Dixons and LMI within 21 days; the sale would take place 90 days after the judgment was entered; the period of redemption would expire 6 months

after the property was sold; a deed would be tendered to the purchaser if the property was not redeemed; and possession would pass once the deed was delivered.

¶ 7    On March 17, 2016, the trial court ordered that the Robinson lien, which was assigned to LMI, had priority; the Dixon lien was next, but with the exclusion of attorney fees; and LMI's lien was third.

¶ 8    On April 10, 2018, the property was sold at public auction for $250,000. This was less than the total amount of all outstanding liens, all of which had accrued interest. The sheriff's report of sale and distribution provided that a deed would be issued to the highest bidder once the date by which to redeem, *i.e.*, October 10, 2018, passed.

¶ 9    On May 15, 2018, before the period of redemption expired, LMI moved to confirm the sale and distribute the sale proceeds. The trial court granted that motion on May 17, 2018, and directed that (1) $32,332 would go to LMI as the assignee of the Robinson lien, (2) $23,375 would go to the Dixons, and (3) all remaining funds would go to LMI.

¶ 10    Although the Dixons did not object to the sale of the property, they did object to how the proceeds of the sale were distributed, and they argued that they were entitled to attorney fees. Thus, they filed a motion to vacate in part the May 17, 2018, order.

¶ 11    On July 5, 2018, the trial court *sua sponte* vacated the May 17, 2018, order in its entirety. The court found that the order was entered in error because (1) the October 10, 2018, redemption deadline had not yet passed, (2) the confirmation order failed to address issuance of a deed to the highest bidder, and (3) the confirmation order failed to address possession of the property.

¶ 12    LMI timely moved the trial court to reconsider the vacation of the May 17, 2018, order. The trial court denied that motion and found that, from the proceeds of the sale, the Dixons were entitled to $37,995, which was the original amount of their lien with attorney fees and interest, and

that Reilly was entitled to $15,000 as homestead. The court directed LMI to deposit with the sheriff funds to cover these amounts. On June 6, 2019, a second confirmation of sale was entered, which addressed tendering title and transferring possession to the highest bidder. LMI timely appeals from that order, indicating in its notice of appeal that it is challenging the vacation of the May 17, 2018, order.

¶ 13                                II. ANALYSIS

¶ 14    On appeal, LMI contends that the May 17, 2018, order confirming the sale of the property should not have been vacated. Before addressing that issue, we observe that we have jurisdiction to consider the issue, as LMI timely appeals from the final order entered June 6, 2019. See *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 21 (order confirming sale rendered case final and appealable); *Reed v. Retirement Board of Fireman's Annuity and Benefit Fund of Chicago*, 376 Ill. App. 3d 259, 268 (2007) (on appeal from a final order, appellate court has jurisdiction to consider all nonfinal orders trial court previously entered).

¶ 15    Turning to the merits, we note that neither the Dixons nor Reilly filed a brief on appeal. While we may not reverse summarily on that basis alone, we need not serve as an advocate for the Dixons or Reilly or search the record for a basis upon which to affirm. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976); *Orava v. Plunkett Furniture Co.*, 297 Ill. App. 3d 635, 636 (1998). Unless the record is simple and the issues can be easily decided without the aid of an appellee's brief, we will not decide the merits of the appeal but will reverse the judgment of the trial court *only* "if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record." *Talandis*, 63 Ill. 2d at 133; *Orava*, 297 Ill. App. 3d at 636.

¶ 16    We do not believe that the issue in this case can be easily decided.  Therefore, the question is whether LMI's brief establishes *prima facie* reversible error.  " '*Prima facie* means, "at first sight, on the first appearance, on the face of it, so far as can be judged from the first disclosure; presumably; a fact presumed to be true unless disproved by some evidence to the contrary." [Citation.]' "  *Talandis*, 63 Ill. 2d at 132 (quoting *Harrington v. Hartman*, 233 N.E.2d 189, 191 (Ind. Ct. App.) (1967)).

¶ 17    LMI argues that, because the law does not provide that a confirmation of sale can be entered only after the right of redemption has passed, the trial court's May 17, 2018, order vacating the confirmation of sale on that basis was erroneous.  Resolving whether LMI has established *prima facie* error on this point requires us to examine various statutes.

¶ 18    In construing statutes, we must "ascertain and give effect to the legislature's intent."  *Lieb v. Judges' Retirement System*, 314 Ill. App. 3d 87, 92 (2000).  The best indicator of the legislature's intent is the plain language of the statute.  *Lee v. John Deere Insurance Co.*, 208 Ill. 2d 38, 43 (2003).  "When the statute's language is clear, it will be given effect without resort to other aids of statutory construction."  *Id.*  "A court may also consider the reason for the statute, the problems it seeks to remedy, the purposes to be achieved, and the consequences of interpreting the statute one way or another."  *Sperl v. Henry*, 2018 IL 123132, ¶ 23.  "One of the fundamental principles of statutory construction is to view all provisions of an enactment as a whole," and thus, "words and phrases must be interpreted in light of other relevant provisions of the statute."  *J.S.A. v. M.H.*, 224 Ill. 2d 182, 197 (2007).  We review the construction of statutes *de novo*.  *Hernandez v. Lifeline Ambulance, LLC*, 2019 IL App (1st) 180696, ¶ 10.

¶ 19    With these principles in mind, we turn to the statutes at issue here.  Section 18 of the Mechanics Lien Act (Act) (770 ILCS 60/18 (West 2018)) provides the method by which property

shall be sold to satisfy a judgment of foreclosure and sale entered in a mechanics lien case. Specifically, section 18 states:

> "Whatever right or estate such owner had in the land at the time of making the contract may be sold in the same manner as other sales of real estate are made under orders of court." *Id.*

Section 18 of the Act indicates that the sale of real estate under the Act shall be accomplished in the same manner as other sales of real estate under court orders. By its plain language, section 18 incorporates sections 12-101 *et seq.* of the Code of Civil Procedure (Code) (735 ILCS 5/12-101 *et seq.* (West 2018)), which govern the enforcement of judgments against real estate.

¶ 20 Section 20 of the Act (770 ILCS 60/20 (West 2018)), as well as section 12-122 of the Code (735 ILCS 5/12-122 (West 2018)), address the right of redemption. Section 20 of the Act provides:

> "Upon all sales under this Act the right of redemption shall exist in favor of the same persons, and may be made in the same manner as is or may be provided for redemption of real estate from sales under judgments for the payment of money." 770 ILCS 60/20 (West 2018).

Section 12-122 of the Code provides:

> "Any defendant *** may **, within 6 months from the sale, redeem the real estate so sold by paying to the purchaser thereof *** the sum of money for which the premises were sold or bid off ***, whereupon such sale and certificate shall be null and void." 735 ILCS 5/12-122 (West 2018)).

Section 20 of the Act and section 12-122 of the Code make clear that there is a statutory right to redeem property for six months after the property is sold.

¶ 21    Section 12-119 of the Code (*id.* § 12-119) addresses when a purchaser is entitled to a deed. Specifically, it states:

"When any real estate is sold by virtue of a judgment, or enforcement of mechanic's lien, or vendor's lien, or for the payment of money, the sheriff or other officer ***, instead of executing a deed for the premises sold, shall give to the purchaser a certificate describing the premises purchased by him or her, showing the amount paid therefor *** and the time when the purchaser will be entitled to a deed unless the premises are redeemed[.]" *Id.*

The plain language of section 12-119 of the Code provides that the purchaser is first given a certificate after purchasing the property. The certificate remains valid as long as the property is not redeemed. *Id.* § 12-122. The purchaser is entitled to a deed only if the property is not redeemed before the redemption period has expired. *Id.* § 12-119.

¶ 22    The authority above clearly recognizes that the right of redemption applies in cases like this one and that the purchaser is entitled to ownership of the property only if the right of redemption is not exercised before the time to redeem has expired. The question remains, however, how this redemption right affects, if at all, the confirmation of the sheriff's sale.

¶ 23    Section 12-144.5 of the Code (735 ILCS 5/12-144.5 (West 2018)) addresses that point. It provides:

"(a) When the premises mentioned in the certificate are not redeemed in pursuance of law, the legal holder of the certificate shall promptly make a report to the court that issued the underlying judgment. The report shall include a copy of the certificate of sale; an affidavit, under oath, containing a good faith appraisal of the fair market value of the property; and a listing of all liens and mortgages including the value thereof.

(b) Upon motion and notice in accordance with court rules applicable to motions generally, including notice to the judgment debtor, the court issuing the underlying judgment shall conduct a hearing to confirm the sale. Unless the court finds that (i) notice as required by law was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale. In making these findings, the court shall take into account the purchase price at the sale in relation to the fair market value of the property less the value of any mortgages and liens." *Id.*

Under section 144.5(a) of the Code, the purchaser, or holder of the certificate, shall tender to the court a report after the redemption period has expired. Then, under section 144.5(b) of the Code, the trial court uses that report to decide whether to confirm the sale of the property.

¶ 24 LMI argues that subsections (a) and (b) of section 12-144.5 of the Code must be read disjunctively. That is, it claims that, under section 12-144.5(b) of the Code, a confirmation hearing may take place before the redemption period has run. We disagree.

¶ 25 As noted, we must read relevant provisions of a statute as a whole (*J.S.A.*, 224 Ill. 2d at 197) and in light of the consequences that may arise in interpreting a statute one way or another (*Sperl*, 2018 IL 123132, ¶ 23). If, as LMI suggests, the confirmation hearing could take place before the redemption period expired, there would be no need for the purchaser, or certificate holder, to file with the trial court a report listing a "good faith appraisal of the fair market value of the property" and "all liens and mortgages including the value thereof." 735 ILCS 5/12-144.5(a) (West 2018). Such information would be worthless to the court if the sale of the property were already confirmed.

¶ 26    On the other hand, if the confirmation of the sale is permitted to take place only after the redemption period expires, a report listing a "good faith appraisal of the fair market value of the property" and "all liens and mortgages including the value thereof" becomes extremely valuable to the trial court. That is, such information certainly would aid the court in deciding, pursuant to section 12-144.5(b) of the Code, whether the sheriff's sale was reasonable, *i.e.*, whether the terms of the sale were unconscionable, the sale was conducted fraudulently, or justice was otherwise not done.

¶ 27    Given the above, we determine that LMI has failed to establish *prima facie* error on the issue of whether the confirmation of a sale may be entered before the right to redeem the property has expired. Because the May 17, 2018, order confirming the sale here took place before the October 10, 2018, deadline to redeem the property had passed, vacation of the May 17, 2018, order was proper. In concluding that vacation of the order was proper on this ground, we need not consider the other grounds that the trial court advanced in vacating the May 17, 2018, order.

¶ 28                                  III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 30    Affirmed.